## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI

MICHAEL D. ARNETT, D.D.S., P.C. DBA
BRIARCLIFF DENTAL CARE,

        Plaintiff,

      v.

BRIARCLIFF FAMILY DENTAL, LLC, DYNAMIC
DENTAL SERVICES GROUP, LLC, MICHAEL
FLOREZ, JEFF SLUTSKIY, AND BRETT
BLACKWELDER,

        Defendants.

**JURY TRIAL DEMANDED**

### COMPLAINT AND JURY DEMAND

Plaintiff, Michael D. Arnett, D.D.S., P.C. dba Briarcliff Dental Care ("Briarcliff Dental Care"), for its complaint against Defendants, Briarcliff Family Dental, LLC, Dynamic Dental Services Group, LLC, Michael Florez, Jeff Slutskiy, and Brett Blackwelder (collectively "Defendants"), states:

### Nature of the Case

1.      This is a civil action for direct and contributory trademark infringement, unfair competition and false designation of origin arising under the Lanham Act, 15 U.S.C. § 1051 *et seq.*; and for breach of contract and common law trademark infringement and unfair competition.

2.      By this action, Briarcliff Dental Care seeks equitable and legal remedies for Defendants' persistent and intentional infringement of Briarcliff Dental Care's intellectual property rights.

1

**Parties**

3.    Plaintiff Michael D. Arnett, D.D.S., P.C. is a professional corporation, doing business as Briarcliff Dental Care, which is organized and existing under the laws of the State of Missouri, with a principal place of business at 1805 NW Platte Road, Suite 140, Riverside, Missouri 64150.

4.    Upon information and belief, Defendant Briarcliff Family Dental, LLC ("Briarcliff Family Dental") is a limited liability company organized and existing under the laws of the State of Missouri, with a principal place of business at 4151 N. Mulberry Drive, Suite 210, Kansas City, Missouri 64116.

5.    Upon information and belief, Defendant Michael Florez ("Florez") is a professional dentist licensed to practice under the laws of the State of Missouri. Florez regularly practices dentistry in the State of Missouri and is a primary dental care provider at Briarcliff Family Dental. Therefore, upon information and belief, Florez directs and controls the activities of Briarcliff Family Dental, including Briarcliff Family Dental's policies, procedures, and compliance with intellectual property laws, and knowingly has authorized, directed, and/or participated in the infringing activities described herein.

6.    Upon information and belief, Defendant Jeff Slutskiy ("Slutskiy") is a professional dentist licensed to practice under the laws of the State of Missouri. Slutskiy regularly practices dentistry in the State of Missouri and is a primary dental care provider at Briarcliff Family Dental. Therefore, upon information and belief, Slutskiy directs and controls the activities of Briarcliff Family Dental, including Briarcliff Family Dental's policies, procedures, and compliance with intellectual property laws, and knowingly has authorized, directed, and/or participated in the infringing activities described herein.

2

7.      Upon information and belief, Defendant Dynamic Dental Services Group, LLC ("Dynamic Dental Services Group") is a limited liability company organized and existing under the laws of the State of Missouri, with a principal place of business at 404 N. 4th Street, Odessa, Missouri 64076, which owns and/or operates the dentistry practice known as Briarcliff Family Dental.

8.      Upon information and belief, Defendant Brett Blackwelder ("Blackwelder") manages the operations of Dynamic Dental Services Group, which owns and/or operates Briarcliff Family Dental. Therefore, upon information and belief, and through the management of Briarcliff Family Dental by Dynamic Dental Services Group, Blackwelder directs and controls the activities of Briarcliff Family Dental, including Briarcliff Family Dental's policies, procedures, and compliance with intellectual property laws, and knowingly has authorized, directed, and/or participated in the infringing activities described herein.

## Jurisdiction and Venue

9.      This Court has subject-matter jurisdiction over Briarcliff Dental Care's federal Lanham Act claims pursuant to 28 U.S.C. §§ 1331 and 1338.

10.      This Court has subject-matter jurisdiction over Briarcliff Dental Care's related claims arising under state law pursuant to 28 U.S.C. §§ 1338 and 1367.

11.      This Court has personal jurisdiction over Defendants because, upon information and belief, Defendants engage in continuous and systematic business activities within the State of Missouri and this District, such as rendering, offering for sale, and selling services to Missouri-based customers within Missouri and this District; and/or regularly solicit business in Missouri and this District, deriving substantial revenue from interstate commerce, the State of Missouri, and this District; and/or have purposefully directed substantial activities at the residents of Missouri

and this District by means of advertising and selling services under a confusingly similar business name in violation of Briarcliff Dental Care's intellectual property rights, as further described herein; and/or have committed and directed its willful, tortious conduct described herein directed at persons located in Missouri and this District; and/or intended, knew, or reasonably should have known that their conduct would infringe Briarcliff Dental Care's intellectual property rights, causing harm to Briarcliff Dental Care, which is located in this District; and/or have otherwise made or established contacts with the State of Missouri sufficient to permit the exercise of personal jurisdiction.

12.     This Court has personal jurisdiction over the claims for breach of contract pursuant to the binding terms contained within the Settlement Agreement between Briarcliff Dental Care and Briarcliff Family Dental, Dynamic Dental Services Group, and Slutskiy, signed by Defendants Briarcliff Family Dental, Dynamic Dental Services Group, and Slutskiy on July 2, 2023.

13.     Additionally, this Court has supplemental jurisdiction over the claims for breach of contract under 28 U.S.C § 1367(a).

14.     Venue is proper in this District under 28 U.S.C. § 1391(b) because the events giving rise to the claims complained of herein occurred in this District, the Defendants live or conduct business in this District, and the intellectual property that is the subject of this action is owned by Briarcliff Dental Care, which is situated in this District.

## **Factual Background**

### **A. Briarcliff Dental Care's Common Law Trademark Rights**

15.     Briarcliff Dental Care is a professional dentistry practice that provides family dentistry services to consumers and patients in the Kansas City Metropolitan region, including but not limited to the cities of Parkville, Gladstone, and Riverside, Missouri.

16.     Briarcliff Dental Care currently operates its primary location in Briarcliff Professional Plaza located in Riverside, Missouri.

17.     Since at least as early as 2009, Briarcliff Dental Care has continuously used its trademark and trade name, BRIARCLIFF DENTAL CARE (the "Mark"), in connection with dentistry services in the Kansas City Metropolitan region.

18.     On December 18, 2012, Briarcliff Dental Care registered its fictitious name, BRIARCLIFF DENTAL CARE, with the State of Missouri Secretary of State, and has subsequently renewed the registration on August 8, 2017, and December 27, 2022, respectively. A true copy of the Registration of Fictitious Name, including renewals filed with the Missouri Secretary of State, is attached as Exhibit A.

19.     The Mark is an integral part of Briarcliff Dental Care's branding and marketing in connection with its dentistry services.

20.     Briarcliff Dental Care prominently uses the Mark on its website, in print and online advertising, social media outlets, physical business locations, and on physical business signage.

21.     Representative examples of Briarcliff Dental Care's aforementioned use of the Mark are as follows:

Briarcliff Dental Care Website (https://briarcliffdentalcare.com/)

5







Briarcliff Dental Care Facebook Page (https://www.facebook.com/BriarcliffDentalCare)



Briarcliff Dental Care Pinterest Page (https://www.pinterest.com/briarcliffdc/)



Briarcliff Dental Care Physical Business Signage (1805 NW Platte Road, Suite 140):



22.     Briarcliff Dental Care has promoted, marketed, advertised, and used its Mark extensively in connection with dentistry services, and has made substantial sales of dentistry services offered under and/or in connection with the Mark.

23.     Briarcliff Dental Care has made exclusive use of the Mark in the Kansas City Metropolitan region for over a decade in connection with its dentistry services, which have been rendered, offered for sale, and sold to Missouri-based customers and patients.

24.     By virtue of such extensive sales of dentistry services identified with the Mark, Briarcliff Dental Care has acquired common law trademark rights in BRIARCLIFF DENTAL CARE throughout the Kansas City Metropolitan region, dating back to at least as early as 2009.

25.     As a result of Briarcliff Dental Care's extensive and continuous use of the Mark in connection with its dentistry services, the Mark is recognized by consumers as being associated with Briarcliff Dental Care and its high-quality dentistry services, and Briarcliff Dental Care has achieved significant goodwill in connection with its Mark.

**B. Defendants' Business and History of Infringing Activity**

26.     Upon information and belief, Defendant Briarcliff Family Dental was formed in 2022, and organized for the purpose of providing dental services.

27.     Upon information and belief, following its formation, Defendant Briarcliff Family Dental opened a competing dentistry practice located at The Village at Briarcliff, less than one (1) mile away from Briarcliff Dental Care's primary office location in Riverside, Missouri.

28.     According to the Briarcliff Family Dental website (https://www.briarcliffdentist.com/), Defendants Florez and Slutskiy are the primary dental care providers at Briarcliff Family Dental, which offers a variety of family dentistry services that are directly competitive with Briarcliff Dental Care's family dentistry services.

9

29.     Upon information and belief, Defendant Dynamic Dental Services Group, which is managed by Defendant Blackwelder, owns and/or operates the dentistry practice known as Briarcliff Family Dental.

30.     On or about October 28, 2022, on behalf of Briarcliff Dental Care, counsel for Briarcliff Dental Care sent a letter to Defendants Briarcliff Family Dental, Florez, Slutskiy, and Blackwelder, advising them of Briarcliff Dental Care's prior rights in the BRIARCLIFF name in connection with dentistry services in the Kansas City Metropolitan region, and demanding that Defendants cease using BRIARCLIFF and any other confusingly similar trademark for dentistry services, including on websites, marketing materials (whether online or print), business cards, invoices or other documentation, social media websites and applications, other media/marketing outlets, and in any search engine optimization or marketing.

31.     On or about November 7, 2022, counsel for Defendant Briarcliff Family Dental responded to the October 28, 2022 letter, in which Defendant Briarcliff Family Dental denied Briarcliff Dental Care's prior rights to use BRIARCLIFF in connection with dentistry services in the Kansas City Metropolitan region and instead, claimed that they "do not believe [Briarcliff Dental Care] can claim any protected interest in the 'Briarcliff' name." Briarcliff Family Dental further declined to agree to the demands set forth in the October 28, 2022 letter.

32.     On or about November 14, 2022, on behalf of Briarcliff Dental Care, counsel for Briarcliff Dental Care responded to the November 7, 2022 letter, disputing Defendant Briarcliff Family Dental's claims and further asserting that Briarcliff Dental Care's continuous and exclusive use of the Mark for over ten (10) years indicates that the Mark has achieved acquired distinctiveness in connection with its dentistry services in the Kansas City Metropolitan region,

10

which predates Defendant Briarcliff Family Dental's use of the BRIARCLIFF name as a trademark for identical or nearly identical dentistry services in the same or overlapping geographic region.

33. In the November 14, 2022 response letter, counsel for Briarcliff Dental Care also notified Defendant Briarcliff Family Dental of instances of actual confusion that have occurred since their adoption of the BRIARCLIFF name for competing dentistry services, including misdirected phone calls and disgruntled patients that had contacted the wrong dentistry office due to Defendants' use of a confusingly similar name in such close proximity to Briarcliff Dental Care's office.

34. In the November 14, 2022 response letter, on behalf of Briarcliff Dental Care, counsel for Briarcliff Dental Care again renewed its demands, requesting that Defendant Briarcliff Family Dental immediately cease using BRIARCLIFF and any other confusingly similar trademark for dentistry services.

**C. Formation of a Settlement Agreement**

35. On January 26, 2023, due to Briarcliff Family Dental's continued infringement, Briarcliff Dental Care filed a formal complaint against Defendants in the U.S. District Court for the Western District of Missouri (Case No. 5:23-cv-06013-HFS), commencing litigation for direct and contributory trademark infringement, unfair competition, and false designation of origin.

36. On January 26, 2023, counsel for Briarcliff Dental Care sent a letter to Defendants Briarcliff Family Dental, Florez, Slutskiy, and Blackwelder containing notice of the filed complaint, and terms for a potential settlement.

37. Between July 2 and July 10, 2023, Briarcliff Dental Care entered into a Settlement Agreement with Briarcliff Family Dental, Dynamic Dental Services Group and Slutskiy (collectively, "Settlement Defendants"), wherein the Settlement Defendants agreed to transition to

the trademark and business name "Village Family Dental", and to discontinue all direct or indirect uses of BRIARCLIFF FAMILY DENTAL, and any confusingly similar term in connection with dentistry services, by July 30, 2023 (the "Phase-Out Deadline").

38.    Included in the Settlement Agreement is a provision allowing the prevailing party in a dispute to enforce the Settlement Agreement to recover all reasonable costs, expenses, and attorneys' fees.

39.    On July 24, 2023, after execution of the Settlement Agreement, Briarcliff Dental Care voluntarily dismissed its complaint (Case No. 5:23-cv-06013-HFS), without prejudice.

**D. Defendants' Breach of the Settlement Agreement and Continued Infringement**

40.    In material breach of the Settlement Agreement and despite actual knowledge of Briarcliff Dental Care's prior rights to the Mark, Defendants have continued to willfully promote, offer, sell, and advertise their competing dentistry services in the same or overlapping geographic region under the confusingly similar name, "Briarcliff Family Dental" (the "Infringing Mark"), well past the Phase-Out Deadline prescribed in the Settlement Agreement.

41.    Specifically, in direct breach of the terms of the Settlement Agreement, Defendants have not discontinued use of the Infringing Mark, including without limitation, the following:

   a.   the business name "BRIARCLIFF FAMILY DENTAL, LLC" remains registered with the State of Missouri Secretary of State;

   b.   the domain name www.briarcliffdentist.com resolves to Defendants' website, replete with prominent usage of the Infringing Mark;

   c.   Defendants' email communications continue to use the Infringing Mark; and

   d.   Defendants' social media accounts refer to Defendants and market Defendants' competing dentistry services under the Infringing Mark.

See Exhibit B for representative samples of the aforementioned violations.

42. On or about August 14, 2023, on behalf of Briarcliff Dental Care, counsel for Briarcliff Dental Care sent a letter to Defendants detailing the aforementioned violations of the Settlement Agreement, and again demanding that Defendants cease use of the Infringing Mark. Despite requesting a response by August 18, 2023, none has been received.

43. Defendants' Infringing Mark is identical, nearly identical, and/or substantially similar in sound, appearance, and commercial impression to Briarcliff Dental Care's Mark.

44. Defendants' dentistry services advertised and sold in connection with the Infringing Mark are identical, nearly identical, and/or substantially similar to the dentistry services rendered, offered for sale, and sold in connection with Briarcliff Dental Care's Mark.

45. Defendants' advertising, promotion, offering, and sale of dentistry services associated with the Infringing Mark are directed to the same consumers and patients as to which Briarcliff Dental Care advertises, promotes, offers, and sells its dentistry services under the Mark, which includes the general Kansas City Metropolitan consuming public.

46. As a result of Defendants' advertising, promotion, offering, and sale of competing dentistry services in the same or overlapping geographic region in connection with the Infringing Mark, consumers are likely to be confused such that consumers will erroneously believe the Defendants are affiliated, connected, or associated with, or in some way related to, Briarcliff Dental Care and its dentistry services offered under the Mark.

47. Upon information and belief, Defendants' use of the Infringing Mark in connection with dentistry services has already caused actual confusion, including but not limited to, misdirected phone calls; patients reporting to the wrong office for appointments; late cancellations or "no shows" due to patient confusion over the correct office location; negative patient reviews

13

for Briarcliff Dental Care that incorrectly refer to Defendant Briarcliff Family Dental and/or its dental care providers; and patient frustration over which provider they are seeing and/or which location to provide relevant health or insurance information.

48. Defendants' misappropriation of Briarcliff Dental Care's Mark and the resulting consumer confusion and deception has caused and is causing irreparable harm to Briarcliff Dental Care's reputation and goodwill, particularly given the instances of actual confusion already experienced by the public in connection with Defendants' use of the Infringing Mark.

49. Defendants' continued violation of Briarcliff Dental Care's intellectual property rights is and has been in bad faith, with malicious intent, and with blatant and intentional disregard to Briarcliff Dental Care's proprietary rights established in the Mark.

50. Upon information and belief, Defendants have generated profits through the misappropriation of Briarcliff Dental Care's Mark, to which they are not entitled.

51. Upon information and belief, Defendants Florez and Slutskiy are the primary dental care providers responsible for Briarcliff Family Dental's operations, thereby having a direct financial interest in permitting, encouraging, overseeing, and continuing the infringing activities of Briarcliff Family Dental.

52. Upon information and belief, Defendants Dynamic Dental Services Group and Blackwelder, whether jointly or individually, manage, direct, and control Briarcliff Family Dental's operations, thereby having a direct financial interest in permitting, encouraging, overseeing, and continuing the infringing activities of Briarcliff Family Dental.

53. Defendants had clear knowledge of the infringing activities, and continued to direct and contribute to Briarcliff Family Dental's ongoing infringing operations, thereby knowingly authorizing, directing, controlling, and/or substantially participating in the advertising, promotion,

offer for sale, and/or sale of competing dentistry services in the same or overlapping geographic region under the Infringing Mark, all in violation of the Settlement Agreement.

<u>**Count I – Trademark Infringement**</u>
<u>**15 U.S.C. § 1114**</u>

54.     Briarcliff Dental Care realleges and incorporates by reference the averments of all preceding paragraphs as if set forth fully in this paragraph.

55.     Briarcliff Dental Care has continuously used the BRIARCLIFF DENTAL CARE Mark in connection with dentistry services in the Kansas City Metropolitan region since at least early as 2009.

56.     Upon information and belief, Defendants adopted and began using the Infringing Mark more than a decade after Briarcliff Dental Care's use of its Mark, and thus, Defendants' use post-dates Briarcliff Dental Care's priority rights in the Mark.

57.     Defendants are using the Infringing Mark in connection with competing dentistry services advertised, promoted, offered, and sold in the Kansas City Metropolitan region.

58.     Defendants' use of the Infringing Mark in connection with dentistry services infringes Briarcliff Dental Care's rights in its Mark, in violation of 15 U.S.C. § 1114, because it renders Defendants' dentistry services confusingly similar to the dentistry services offered by Briarcliff Dental Care under the Mark.

59.     Defendants' unauthorized use of Briarcliff Dental Care's Mark creates the erroneous impression in consumers' minds that Defendants' dentistry services have been approved, sponsored, endorsed, or guaranteed by, or are in some way affiliated with Briarcliff Dental Care and its Mark.

15

60. Defendants' use in commerce of Briarcliff Dental Care's Mark has caused irreparable injury to Briarcliff Dental Care by, *inter alia*, destroying consumers' unique association of the Mark with Briarcliff Dental Care, and engendering confusion in the marketplace.

61. Briarcliff Dental Care has no adequate remedy at law for Defendants' misconduct.

62. Unless Defendants are enjoined and restrained from continuing their infringement, consumers will continue to be confused and Briarcliff Dental Care's injuries will continue to occur.

63. Briarcliff Dental Care is entitled to recover three times its actual damages, as well as Defendants' gains, profits, and advantages as a result of Defendants' infringement, in an amount to be proven at trial.

64. Defendants' intentional and willful misconduct renders this an exceptional case, entitling Briarcliff Dental Care to attorney's fees and costs, and any and all other relief authorized under 15 U.S.C. § 1117.

## Count II – Unfair Competition and False Designation of Origin
## 15 U.S.C. § 1125(a)

65. Briarcliff Dental Care realleges and incorporates by reference the averments of all preceding paragraphs as if set forth fully in this paragraph.

66. Briarcliff Dental Care has continuously used the BRIARCLIFF DENTAL CARE Mark in connection with dentistry services in the Kansas City Metropolitan region since at least as early as 2009.

67. Upon information and belief, Defendants adopted and began using the Infringing Mark more than a decade after Briarcliff Dental Care's use of the Mark, and thus, Defendants' use post-dates Briarcliff Dental Care's priority rights in the Mark.

68. Defendants are using the Infringing Mark in connection with competing dentistry services advertised, promoted, offered, and sold in the Kansas City Metropolitan region.

16

69. Defendants' use of the Infringing Mark in connection with dentistry services infringes Briarcliff Dental Care's rights in its Mark because it renders Defendants' dentistry services confusingly similar to the dentistry services offered by Briarcliff Dental Care under the Mark.

70. Defendants' unauthorized use of Briarcliff Dental Care's Mark creates the erroneous impression in consumers' minds that Defendants' dentistry services have been approved, sponsored, endorsed, or guaranteed by, or are in some way affiliated with Briarcliff Dental Care and its Mark, constituting unfair competition and a false designation of origin within the meaning of 15 U.S.C. § 1125(a).

71. Defendants' use in commerce of Briarcliff Dental Care's Mark has caused irreparable injury to Briarcliff Dental Care by, *inter alia*, destroying consumers' unique association of the Mark with Briarcliff Dental Care, and engendering confusion in the marketplace.

72. Briarcliff Dental Care has no adequate remedy at law for Defendants' misconduct.

73. Unless Defendants are enjoined and restrained from continuing their infringement, consumers will continue to be confused and Briarcliff Dental Care's injuries will continue to occur.

74. Briarcliff Dental Care is entitled to recover three times its actual damages, as well as Defendants' gains, profits, and advantages as a result of Defendants' infringement, in an amount to be proven at trial.

75. Defendants' intentional and willful misconduct renders this an exceptional case, entitling Briarcliff Dental Care to attorney's fees and costs, and any and all other relief authorized under 15 U.S.C. § 1117.

### Count III – Contributory Trademark Infringement
### (As to Defendants Florez, Slutskiy, Dynamic Dental Services Group, and Blackwelder)

76.     Briarcliff Dental Care realleges and incorporates by reference the averments of all preceding paragraphs as if set forth fully in this paragraph.

77.     Defendants are engaging in illegal conduct, including without limitation, the advertisement, promotion, offer for sale, and sale of competing dentistry services in violation of the Lanham Act.

78.     Defendants Florez, Slutskiy, and Blackwelder have actual knowledge of the illegal activities from, at a minimum, written notice of infringement sent to Defendants Briarcliff Family Dental, Florez, Slutskiy, and Blackwelder by Briarcliff Dental Care.

79.     Defendant Dynamic Dental Services Group has actual knowledge of the illegal activities by virtue of its role as owner and/or operator Briarcliff Family Dental and from, at a minimum, written notice of infringement sent to Defendants Briarcliff Family Dental, Florez, Slutskiy, and Blackwelder by Briarcliff Dental Care.

80.     With blatant disregard to Briarcliff Dental Care's written notice and rights in the Mark, Defendants Florez and Slutskiy, as well as Defendants Dynamic Dental Services Group and Blackwelder, have continued to materially encourage, enable, and contribute to the infringing activities by, among other things, advertising, promoting, offering, and selling their competing dentistry services in the same or overlapping geographic region under the Infringing Mark.

81.     Defendants Florez, Slutskiy, Dynamic Dental Services Group, and Blackwelder, are therefore contributorily liable for the infringing activities alleged in this Complaint, in violation of the Lanham Act and the common law.

82.     Briarcliff Dental Care has no adequate remedy at law for the contributory trademark infringement of Defendants Florez, Slutskiy, Dynamic Dental Services Group, and Blackwelder,

and has suffered irreparable harm as a result of the contributory infringing conduct of the Defendants.

83.     As a result of these Defendants' wrongful contributory conduct, Briarcliff Dental Care has been damaged in an amount not as yet determined or ascertainable. At a minimum, however, Briarcliff Dental Care is entitled to injunctive relief, an accounting of Defendants' profits, actual damages, punitive damages, attorney's fees, the costs of this action, and any and all other relief authorized by law.

## Count IV – Trademark Infringement and Unfair Competition
## Missouri Common Law

84.     Briarcliff Dental Care realleges and incorporates by reference the averments of all preceding paragraphs as if set forth fully in this paragraph.

85.     Briarcliff Dental Care owns common law trademark rights in the BRIARCLIFF DENTAL CARE Mark and has priority rights in and to the Mark dating back to at least as early as 2009.

86.     Briarcliff Dental Care has used the Mark continuously and consistently for an extended period of time to identify, advertise, promote, sell, and provide its dentistry services, which has indelibly impressed on the minds of the consuming public the impression that the Mark identifies Briarcliff Dental Care as the source of dentistry services offered in connection with the Mark.

87.     Defendants unauthorized use of the Mark began long after Briarcliff Dental Care first began using the Mark in connection with dentistry services.

88.     Defendants' acts have created, and unless restrained by this Court, will continue to create, a likelihood of confusion and deception of the consuming public, causing irreparable injury to Briarcliff Dental Care for which Briarcliff Dental Care has no adequate remedy at law.

19

89.     Defendants' conduct constitutes trademark infringement and unfair competition under the common law of Missouri by a deliberate course of conduct, all without authorization, license, privilege, or justification.

90.     Upon information and belief, Defendants have acted with full knowledge of Briarcliff Dental Care's rights in and use of the Mark, and without regard to the likelihood of confusion and deception of the public created by Defendants' activities.

91.     Defendants' conduct demonstrates an intentional, willful, and malicious intent to trade on the goodwill associated with Briarcliff Dental Care, to the substantial and irreparable injury of Briarcliff Dental Care.

92.     As a result of Defendants' acts, Briarcliff Dental Care has been damaged and will continue to be damaged in an amount not as yet determined or ascertainable. At a minimum, however, Briarcliff Dental Care is entitled to injunctive relief, an accounting of Defendants' profits, actual damages, punitive damages, attorneys' fees and costs, and any and all other relief authorized by law.

<u>**Count V – Breach of the Settlement Agreement**</u>
<u>**(As to the Settlement Defendants)**</u>

93.     Briarcliff Dental Care realleges and incorporates by reference the averments of all preceding paragraphs as if set forth fully in this paragraph.

94.     Briarcliff Dental Care and Settlement Defendants entered into a valid and enforceable Settlement Agreement, supported by adequate and sufficient consideration.

95.     Briarcliff Dental Care fully performed or stood willing to perform its duties and obligations in compliance with the Settlement Agreement.

96.     Settlement Defendants have breached and continue to breach the Settlement Agreement through their actions alleged herein and reflected in <u>Exhibit B</u>.

97.　　As a result of Settlement Defendants' breach of the Settlement Agreement, Settlement Defendants have caused, and will continue to cause, irreparable harm and damage to Briarcliff Dental Care.

98.　　Settlement Defendants' breach of the Settlement Agreement is material and without justification.

99.　　As a direct and proximate result of Settlement Defendants' breach of the Settlement Agreement, Briarcliff Dental Care has suffered, and will continue to suffer general and consequential damages in an amount to be proven at trial.

100.　　Pursuant to provisions of the Settlement Agreement,  in the event of any legal or other action, at law or in equity, in connection with or concerning the breach, subject matter, and/or enforcement of the Settlement Agreement, the prevailing party in such action or appeal, as determined by the Court, shall be entitled to recover all reasonable costs and expenses of such action incurred by such prevailing party, including reasonable attorneys' fees, costs, and expenses.

## **Prayer for Relief**

Based on the foregoing, Briarcliff Dental Care requests that this Court enter judgment in its favor on each and every claim for relief set forth above and award it relief, including without limitation, the following:

1.　　Preliminarily and permanently enjoin and restrain Defendants, and their officers, directors, agents, dealers, representatives, servants, and employees, and all others acting in concert with Defendants, from:

  a.　　Advertising, marketing, offering for sale, or selling dentistry services or any other services bearing the Mark or confusingly similar imitations thereof;

b.  Using the Mark, or any confusingly similar iteration thereof, in any manner on or in connection with dentistry services;

c.  Using any trademark, name, logo, design, or source designation of any kind on or in connection with goods or services that is a copy, reproduction, colorable imitation, or simulation of, or confusingly similar to the Mark;

d.  Using any trademark, name, logo, design, or source designation of any kind on or in connection with goods or services that is likely to cause confusion, mistake, deception, or public misunderstanding that such goods or services are produced or provided by Briarcliff Dental Care, or are sponsored, authorized, or endorsed by Briarcliff Dental Care, or are in any manner connected to or related to Briarcliff Dental Care;

e.  Passing off, palming off, or assisting in passing off or palming off goods or services as those of Briarcliff Dental Care, or otherwise continuing any and all acts of unfair competition as alleged in this Complaint; and

f.  Effecting assignments or transfers, forming new entities or associations, or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in this Paragraph 1;

2.  Direct Defendants to file with this Court and serve on Briarcliff Dental Care's counsel within thirty (30) days after the service on Defendants of the injunction, a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the injunction;

3.      Order Defendants to provide Briarcliff Dental Care with an accounting of any and all profits derived by Defendants from the sale or rendering of dentistry services in connection with the Mark;

4.      Award Briarcliff Dental Care Defendants' profits resulting from the acts of infringement alleged in this Complaint in order to redress Defendants' unjust enrichment and to deter their infringement of the Mark, pursuant to 15 U.S.C. § 1117(a)(1);

5.      Award Briarcliff Dental Care any damages sustained and the costs of this action, pursuant to 15 U.S.C. § 1117(a)(2);

6.      Triple any damages and increase any profits awarded to the amount this Court finds just, pursuant to 15 U.S.C. § 1117(a);

7.      Award Briarcliff Dental Care its damages, together with prejudgment interest, for the lost sales, loss of goodwill, and other damages suffered by Briarcliff Dental Care as a result of the acts of trademark infringement and unfair competition by Defendants, pursuant to the laws of the State of Missouri;

8.      Award Briarcliff Dental Care all reasonable costs, expenses, and attorneys' fees in connection with this Complaint, in accordance with the terms of the Settlement Agreement; and

9.      Grant to Briarcliff Dental Care such further relief as may be equitable and proper.

### **Jury Demand**

Briarcliff Dental Care demands a trial by jury on all issues so triable.


Dated: September 22, 2023

Respectfully Submitted,

s/ ***Cheryl L. Burbach***
Cheryl L. Burbach, MO State Bar No. 48605
 cburbach@hoveywilliams.com
HOVEY WILLIAMS LLP
10801 Mastin Boulevard, Suite 1000

23

Overland Park, Kansas 66210
(913) 647-9050   Fax: (913) 647-9057

ATTORNEYS FOR PLAINTIFF